# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD WARREN, M.D.,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 3:07CV20**
                                                                  **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending before this Court is a motion to dismiss filed by defendant United States of America (Doc. 6). This case was originally filed in the Circuit Court of Berkeley County, West Virginia on January 8, 2007, and styled *Warren v. Markovic*, 7-C-16. The Complaint alleged that defendant Markovic developed a strong personal dislike for the plaintiff and made wilful and malicious statements about the plaintiff to prospective employers, constituting the tort of tortious interference.

On February 8, 2007, the United States filed a notice of removal (Doc. 1) on the basis that, at the time of the incidents alleged in the Complaint, Dr. Markovic was an employee of the United States and thus eligible for liability protection under the Federal Tort Claims Act ("FTCA"). Accompanying the Notice of Removal was a certification by the United States Attorney that Dr. Markovic was acting within the scope of his employment at the time of the conduct alleged in the Complaint.

On April 5, 2007, the United States filed a motion to dismiss (Doc. 6). The basis of the motion is that the plaintiff did not file an administrative claim with the Department of Veteran Affairs as required by 28 U.S.C. § 2675(a) and that no claim may be brought under the FTCA for libel, slander, misrepresentation, deceit, or interference with contract rights as provided in 28 U.S.C. § 2680(h).

On April 17, 2007, the plaintiff filed a response (Doc. 7), requesting an opportunity to conduct limited discovery in an effort to rebut the certification of scope of employment

under ***Guitierrez De Martinez v. Drug Enforcement Administration***, 111 F.3d 1148 (4th Cir. 1997). Over the objection of the United States, this Court granted the plaintiff a reasonable period to conduct limited discovery on the scope of employment certification. (Doc. 18).

The period granted for discovery has passed and both parties have submitted letter memoranda, rendering the motion now ripe for decision.

There is no substantial question that, if the certification as to scope of employment is valid, then the motion to dismiss must be granted. The requirement that a plaintiff must exhaust his administrative remedies before filing an action is jurisdictional and non-waivable. ***Plyler v. United States***, 900 F.2d 41, 42 (4th Cir. 1990); ***Perkins v. United States***, 55 F.3d 910, 917 (4th Cir. 1995). In addition, even if Dr. Markovic did commit the intentional tort alleged in the Complaint, the action is barred by 28 U.S.C. § 2680(h). ***Burrell v. United States***, 2001 WL 34047380 (E.D. Va. 2001), *aff'd without opinion*, 33 Fed. Appx. 85 (4th Cir. 2002); ***Brittingham v. United States***, 972 F.Supp. 1014, 1017 (E.D. Va. 1997).

In a letter memorandum dated September 24, 2007, the plaintiff argues that 38 C.F.R. § 14.605(c) requires the Regional Counsel of the Department of Veterans Affairs to investigate and obtain an affidavit setting forth the employee's duties at the time of the incident and describe the incident in question. Plaintiff points out that the affidavit is dated August 6, 2007, which is long after the United States removed the action. Based upon this, the plaintiff insists that remand is proper.

By letter memorandum dated October 3, 2007, the United States responds that while the plaintiff contests the process of removal, he has presented no facts that would contradict the certification of scope of employment, i.e., that the defendant was not acting within the scope of his employment.

This Court notes that in removing this case, the United States Attorney for this District executed and filed a certification based upon "the information now available" to her

that the defendant was acting within the scope of his employment. This certification was filed under the authority of 28 C.F.R. § 15.3(a), which authorizes United States Attorneys to make such certifications.

This procedure is similar to that followed in ***Maron v. United States***, 126 F.3d 317 (4th Cir. 1997). In ***Maron***, the United States Attorney "filed a certification that he had read the complaint and other documents and that he believed the doctor-defendants had been acting within the scope of their federal employment at the time of the alleged acts." 126 F.3d at 320.

As in this case, the district court permitted the plaintiff to conduct limited discovery on the scope of the employment issue. In reaching its decision affirming the district court's dismissal of the action, the Fourth Circuit noted that, in order to defeat the certification, the plaintiff is required to present proof that the certification was factually inaccurate. This would require the plaintiff to present evidence that the defendant was not acting within the scope of his employment, not to look for some infirmity in the procedure by which removal and substitution were accomplished.

This Court is of the opinion that ***Maron*** applies to the facts of this case. While the plaintiff has pointed out what he believes to be infirmities in the certification process, he has failed to present *any* proof that Dr. Markovic was not acting within the scope of his employment. Accordingly, the United States' Motion to Dismiss (Doc. 6) will be granted.

For the foregoing reasons, the Motion to Dismiss Defendant United States of America (Doc. 6) is **GRANTED** and this action is **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: October 29, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE